JOSEPH BRITNEY *vs.* JOHN A. BOLDING.

Where A. agreed to build a house for B., which was stipulated between the parties should not cost much more than $400; and after the work was commenced, A. made a calculation, and told B. that he could put certain extra work upon the house which would make the whole work cost not exceeding $500 or $600: *Held*, that this amounted to an agreement, that if B. would let the extra work be put on the house, that A. would not charge for it more than $600.

IN error from the circuit court of Chickasaw county; Hon. William L. Harris, judge.

John A. Bolding agreed to build a house for Joseph Britney, which stipulated between the parties should not cost much over $400, and after the work was commenced Bolding made a calculation and proposed to Britney that if he would let him, Bolding, put some fine cornices on the house, that the building should not exceed $500 or $600 in price; but Britney objected at the time, saying that Bolding must recollect the conversation they had at Armstrong's about the building that it was not to exceed $400 for the house. Bolding then agreed to put the cornices on the house for $150, to which Britney assented. It was in proof that Bolding agreed to work for Britney cheap. Bolding agreed to build a portico to the house for $150 extra charge.

Bolding sued Britney for the work upon the house on an account for $1,146.50; and Britney filed a set-off against the account or claim of Bolding, amounting to the sum of $536.77, or thereabouts. The jury found a verdict in favor of Bolding for the sum of $481.13. Britney, by his counsel, moved the court below for a new trial, which was refused, when he prayed a writ of error to this court.

*J. F. Cushman*, for appellant.

I know this court has decided that the verdict of a jury in their finding upon facts will not be disturbed, unless the testi-

mony greatly preponderates against the verdict. The case at bar is one that comes within the exception of this rule, and calls for the action of this court, that justice may be meted out to the parties litigant.

Take the testimony in the most favorable light it can be viewed for Bolding, and he was not entitled to a verdict for more than $130 or $140. But I do not think that Bolding, upon a fair calculation, was entitled to recover any thing after deducting Britney's set-off of $536.77, or thereabouts, from his account, as he agreed to work cheap for Britney, who made a contract with Bolding that the house was not to exceed $400; the portico not having been completed by Bolding, and it being worth fifty or sixty dollars to complete it.

This is really a strange finding, and not well calculated to confirm one in the loftiness of the "right of trial by jury," when contemplating the verdict they rendered in this case. It requires but little argument to show that the finding of the jury was clearly erroneous, and not warranted by the testimony.

*Wm. F. Dowd,* on the same side.

*D. C. Glenn,* for appellee.

The question in this case is exclusively one of fact; Bolding sued Britney on a carpenter's bill for $1,071, and recovered a verdict for over four hundred dollars. There is much evidence on each side, but the proof very decidedly preponderates in favor of the verdict, and this court will not disturb it. No objections were raised to the instructions of the court at the time they were given, or on the motion for a new trial. The jury were the exclusive judges as to whether plaintiff's account was proven, and how much should be allowed the defendant as off-set from the evidence, and they have rendered their verdict thereon.

One reason assigned for a new trial is the misconduct of the jury; but no proof was offered to support it, and, consequently, it was properly overruled.

Britney *v.* Bolding.

Mr. Justice Fisher delivered the opinion of the court.

The defendant in error brought this suit in the circuit court of Chickasaw county upon an account for work done by him as a carpenter in building a house for the plaintiff in error.

The defendant below moved the court for a new trial, on the ground that the verdict was against the evidence introduced on the trial, which motion being overruled, the defendant took a bill of exceptions, which contains the evidence.

It is certain that the jury must have disregarded the evidence introduced on behalf of the defendant below, otherwise they could not have found a verdict, after allowing the several set-offs of the defendant, for more than one or two hundred dollars. The witness Hally proves, that "Bolding proposed to put some fine cornice on the house; that Britney objected, stating that it would cost too much, and that he, Bolding, must remember what he had said before commencing the work that the house was not to cost more than $400." The witness further says, that Bolding then made a calculation, and said to Britney that he could put on the cornice and his bill would not exceed five or six hundred dollars for the entire work.

This amounted to an agreement that if Britney would permit the cornice to be put on the house, that not more than six hundred dollars would be charged for the entire work. This appears to be exclusive of another job undertaken at one hundred and fifty dollars. The two sums amounting to seven hundred and fifty dollars make the amount, assuming the evidence to be true, which the plaintiff would be entitled to recover. Deduct from this the set-offs, amounting to over five hundred dollars, an error appears in the verdict to the prejudice of the defendant, exceeding the sum of two hundred dollars; for which the judgment ought to be reversed.

Judgment reversed, new trial granted, and cause remanded.